GULOTTA, Judge.
The plaintiff husband appeals from a November 2,1979 judgment granting a divorce in his favor, awarding the custody of two minor children, Sabrina and Shawn, ages thirteen and eight respectively, to the defendant wife and awarding $150.00 per month support to the wife for each of the two minor children. The decree further grants the custody of two older children, Dale and Corey, to the father and also sets forth with particularity the visitation rights of each party.[1]
Assigning several specifications of error, plaintiff complains the trial judge erred in *1354 consolidating his divorce suit (based on two years voluntary separation) with the defendant’s earlier suit for separation from bed and board; in placing the custody of the two younger children with the mother in an unhealthy moral environment; and in failing to award to him payment from the employed wife for support of the two older children placed in his custody.
CONSOLIDATION
Without specifying in what manner he has been prejudiced by the consolidation order, but implying that his rights may be adversely affected in later partition proceedings, plaintiff claims the consolidation was improvidently and erroneously granted because the “cause” of two years separation for divorce was unconnected with the separation proceedings and would complicate the partition proceedings to his prejudice. LSA-C.C.P. art. 1561 provides:
“When two or more separate suits involving a common issue of law or fact are pending in the same court, the court, at any time prior to trial, may order the consolidation of the suits for trial or may order a joint trial of any of the common issues.”
In our case an earlier separation from bed and board had been granted to the parties based on mutual fault, and custody and support judgments were rendered in that suit. In the husband’s suit for divorce based on two years voluntary separation, the issue of fault had been disposed of and the only remaining issues were those of custody, support and partition. There exist mutual issues of fact and law in both suits. Considering the need for judicial economy and for avoiding multiplicity of suits, we cannot say the consolidation order was improvidently granted.[2]
CUSTODY
The basis for the husband’s claim for transfer of custody of the two minor children to him is that the wife had intentionally violated the husband’s visitation rights by planning activities for the children at the time set for visitation with their father and had taken the children on over-night camping trips with her boyfriend, where the sleeping accommodations in a small tent required the children to occupy the same “close quarters” with the mother and the boyfriend “without regard to sex or marital standing.” According to the father, on these overnight camping trips the children, the mother and her boyfriend were accompanied by one of the older children and his girlfriend, who slept together in the camping area, and by other persons who engaged in drinking intoxicating liquors and smoking marijuana. The father complains also that the divorced wife’s job requirement of being away from the home on several evenings every week, and her lack of discipline and lenient attitude toward the children, are not conducive to their welfare and best interests.
It is clear from the testimony of plaintiff’s mother, the children who testified, and Mrs. Fouchi that visitation with the father was not carried out in accordance with the judgment. However, Mrs. Fouchi explains that school, social and weekend activities of the children have, to some extent, interfered with visitation. On other occasions, there were no visits because of the father’s absence from the city and the children’s expressed desire not to visit only *1355 with their grandmother at the father’s home. It is apparent also that Mrs. Fouchi did not encourage visitation, and on occasion made arrangements for the children that conflicted with it. Nonetheless, this conduct, when considered with the other evidence, is not sufficient to warrant a transfer of custody of the children to the father. The father’s recourse is by rule for contempt for violation of the visitation order.
Although the husband attempts to convey the image that Mrs. Fouchi’s activities with her boyfriend and with the children on overnight camping trips placed them in an environment where opportunity existed for illicit sex, the evidence supports a conclusion that these camping trips were conducted in an atmosphere without immoral overtones.
Dana Fouchi, the eighteen-year-old brother of Sabrina and Shawn, testified that he, the two children, his girlfriend, his mother, her boyfriend, and two or three other couples had gone on a three-day camping trip for the Thanksgiving holiday in 1978. He testified that they had slept in groups in tents, in sleeping bags and out in the open. Mrs. Fouchi and her boyfriend slept with the two children together in sleeping bags. Sabrina, the thirteen-year-old child, stated that when they went on camping trips they slept in one tent with the mother on one end of the tent, the boyfriend on the other, and she and her brother “slept in the middle.” Although we do not condone a camping arrangement whereby a teenaged girl sleeps next to an unrelated adult male or consider it acceptable social behavior in every situation, the episode in our case appears innocent and does not require reversal of the trial court’s judgment.
Kathy Fouchi, a twenty-one-year old daughter who was on the camping trip, stated that she had not observed any conduct that was immoral or would be a bad influence on the children. Although Dana did testify that one of the couples in the group, outside of the presence of the children and his mother, had engaged in drinking alcoholic beverages and smoking marijuana, there is no indication that the children, Mrs. Fouchi or her boyfriend were aware of these activities on this isolated occasion. Mrs. Fouchi testified that she did not condone marijuana smoking or excessive drinking of alcoholic beverages and would not tolerate this conduct.
It appears from the evidence that camping trips were made on several other occasions by Mrs. Fouchi and her boyfriend with the children; however, again, there is no indication of any immoral activities. It is significant that there is no other evidence of immoral or improper conduct either outside or in the presence of the children on the part of Mrs. Fouchi or her boyfriend. Quite to the contrary, the children, Mrs. Fouchi, her friends who testified, and the assistant executive director of the YMCA where the children engaged in activities indicated that a wholesome relationship exits among the children, their mother and the boyfriend.
We place little or no significance on the father’s complaint that the mother’s boyfriend was allowed to enter and participate in father-son and father-daughter programs at the YMCA or on an isolated occasion where the boyfriend at a high school ball game reprimanded and physically restrained the couple’s fifteen-year-old son during an argument between the son and his mother.
It is clear from the record that the father and his mother are stricter disciplinarians than is Mrs. Fouchi. The children testified that their mother is more lenient than their father. It is clear also that Mrs. Fouchi’s job as a cosmetic salesperson requires that she be away from her home in the evening approximately three or four nights a week. On these occasions the children stay with baby sitters or with friends. Nonetheless, there is virtually no showing that the children were neglected, that a proper home environment was not provided, or that the children’s surroundings were detrimental to their welfare or best interest.
*1356 Custody is awarded to a spouse in accordance with the best interest of the child. LSA-C.C. art. 157; Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). Upon appellate review, the determination of the trial judge in child custody cases is entitled to great weight and will not be disturbed absent a clear showing that he abused his discretion. Bordelon v. Bordelon, supra; Cleeton v. Cleeton, supra; Schexnayder v. Schexnayder, 371 So.2d 769 (La.1979). In our case, it is clear that the children have been caught in the marital strife between their father and mother and it is indeed unfortunate that these well-meaning parents are apparently oblivious to the potentially harmful effect that their animosities toward each other have on the children. Nevertheless, we are in agreement with the trial judge that the best interest of Sabrina and Shawn will be served by maintaining their mother’s custody of them. We find no abuse of his discretion.
SUPPORT
Finally, we find no merit to the husband’s claim that the trial judge erred by his failure to order Mrs. Fouchi to pay him support for the two older boys in the husband’s custody.
According to Mrs. Fouchi’s testimony, she was earning at the time of trial $750.00 per month. Frank Fouchi testified that in 1978 he had earned approximately $18,000.00 after taxes.[3] Mrs. Fouchi listed her expenses at $1,137.89 and Mr. Fouchi’s monthly expenses totaled $2,224.01. Furthermore, Dale, age seventeen, and Corey, age fifteen, both in the father’s custody, testified that they earned spending and extra money by doing odd jobs after school and on weekends.
Considering the husband’s earnings and those of the wife, together with the ages of the children and the expenses of the parties, we cannot say that the trial judge abused his discretion in awarding $150.00 per month to the wife for each of the two children in her custody and in not ordering the wife to pay the husband any support for the two children in his custody.
Having so concluded, and also finding no error in the consolidation order or in the custody determination, we affirm the judgment of the trial court.

AFFIRMED.

. Seven children were born of the marriage; however, three of those children had attained the age of majority at the time this matter was tried.

. See Rule 5, § 7, 24th Judicial District Court, where this matter was tried, which provides:
“Suits on proceedings not in their nature original, but growing out of suits or proceedings previously pending, such as actions of nullity of judgment, suits to restrain or regulate the execution of process, suits for divorce based on the parties having lived apart for the required period of time after a judgment of separation from bed and board (L.S.A.-R.S. 9:302), suits for partition of the community property, ancillary succession matters, etc., shall not be docketed as separate suits, but shall be treated as parts of the original suits out of which they arise, shall be docketed and numbered as parts of such suits and shall follow the prior .allotment or assignment to the respective Divisions of the Court. Whenever, by error or oversight, this rule shall be violated, the Judge to whom the matter shall have been allotted, shall have power to order same transferred to the proper division, there to be consolidated with the original suit.”

. According to Mrs. Fouchi’s income tax return, filed in the record, her adjusted gross income totaled $3,227.32. Frank Fouchi’s income tax return for that year showed an adjusted gross income of $26,858.43.